1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10  PHAL S. PACHECO, an individual,

11            Plaintiff,              No. 2:10-cv-03420 JAM KJN PS

12       v.

13  PAUL FINANCIAL, LLC, a Delaware
    Limited Liability Company; PREMIER
14  CAPITAL MORTGAGE, a Business
    Entity, form unknown; GMAC
15  MORTGAGE, LLC, a Delaware Limited
    Liability Company; FOUNDATION
16  CONVEYANCING LLC, a Delaware
    Limited Company, MORTGAGE
17  ELECTRONIC REGISTRATION
    SYSTEMS, INC., A Delaware
18  Corporation; and DOES 1 through 50,
    inclusive,
19
            Defendants.              ORDER and
20  _____/  FINDINGS AND RECOMMENDATIONS
21

22       Presently before the court [1] is a motion to dismiss plaintiff's complaint filed by the

23  following defendants: GMAC Mortgage, LLC, Executive Trustee Services, LLC, and Mortgage

24  Electronic Systems, Inc. ("Moving Defendants").  The Moving Defendants filed their motion on

25  _____

26       [1]  This action proceeds before the undersigned pursuant to Eastern District of California
    Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                    1

1  December 29, 2010.  Plaintiff has filed no written opposition, statement of non-opposition, or

2  other response to the pending motion despite being given multiple opportunities to do so and

3  clear warnings from the court that failure to do so would lead to the involuntary dismissal of his

4  lawsuit.  For the reasons that follow, the undersigned recommends that plaintiff's action be

5  dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6  I.     BACKGROUND

7          On December 22, 2010, the Moving Defendants removed plaintiff's case to

8  federal court.[2]  (Notice of Removal, Dkt. No. 1.)  On December 29, 2010, the Moving

9  Defendants filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil

10  Procedure 12(b)(6) and noticed that motion for a hearing before the undersigned to take place on

11  February 3, 2011.  (Mot. to Dismiss, Dkt. No. 7.)  Pursuant to this court's Local Rules, plaintiff

12  was obligated to file and serve a written opposition or statement of non-opposition to the Moving

13  Defendants' motion at least fourteen days prior to the hearing date, or January 20, 2011.  See E.

14  Dist. Local Rule 230(c).[3]  Plaintiff failed to file any response to the motion to dismiss.

15          On January 24, 2011, and in response to plaintiff's failure to file a response to the

16  Moving Defendants' motion, the undersigned entered an order that: (1) continued the hearing on

17  the Moving Defendants' motion to dismiss until March 3, 2011, and (2) required plaintiff to file

18

19      [2]  It appears that plaintiff previously filed a lawsuit against parties including GMAC
   Mortgage, LLC and Mortgage Electronic Systems, Inc., which are also named defendants here.  (See
20   Pacheco v. Paul Financial, LLC, et al., 2:10-cv-00085 GEB GGH PS (E.D. Cal.).)  That action,
   which appears to relate to the exact same subject matter as the present action, was dismissed with
   prejudice on July 22, 2010.  (Pacheco, 2:10-cv-00085 GEB GGH PS, Dkt. Nos. 20, 21.)

21

22      [3]  Eastern District Local Rule 230(c) provides:

23          (c) Opposition and Non-Opposition.  Opposition, if any, to the granting of
           the motion shall be in writing and shall be filed and served not less than
24           fourteen (14) days preceding the noticed (or continued) hearing date.  A
           responding party who has no opposition to the granting of the motion shall
25           serve and file a statement to that effect, specifically designating the motion
           in question.  No party will be entitled to be heard in opposition to a motion
26           at oral arguments if opposition to the motion has not been timely filed by that
           party. . . .

1  *opposition to the pending motion and consent to the granting of the motion to dismiss, and shall*

2  *constitute an additional ground for the imposition of appropriate sanctions, including a*

3  *recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil*

4  *Procedure 41(b).*"  (<u>Id.</u> at 3-4 (emphasis in original).)  Thus, the court gave plaintiff very clear

5  warnings that his case would be dismissed for failure to prosecute his action or his failure to

6  comply with the Federal Rules of Civil Procedure, the court's orders, or the court's Local Rules.

7          The court's docket reveals that plaintiff has again failed to file a written

8  opposition or statement of non-opposition to the Moving Defendants' motion to dismiss.

9  Plaintiff failed to do so despite being given an additional opportunity to do so and explicit

10  warnings that the failure to file a written opposition or statement of non-opposition would result

11  in the dismissal of his lawsuit.

12  II.   <u>DISCUSSION</u>

13          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

14  action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

15  failure to comply with the court's local rules, or failure to comply with the court's orders.[4]  <u>See,</u>

16  <u>e.g.</u>, <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

17  *sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation Council v. U.S.</u>

18  <u>Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

19  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

20  or comply with the rules of civil procedure or the court's orders); <u>Ferdik v. Bonzelet</u>, 963 F.2d

21  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

22  may dismiss an action for failure to comply with any order of the court."); <u>Pagtalunan v. Galaza</u>,

23  291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

24

25          [4]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
     prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26  or any claim against it."  Fed. R. Civ. P. 41(b).

1  prosecute when habeas petitioner failed to file a first amended petition).  This court's Local

2  Rules are in accord.  See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply

3  with these Rules or with any order of the Court may be grounds for imposition by the Court of

4  any and all sanctions authorized by statute or Rule or within the inherent power of the Court.");

5  E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal

6  Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among

7  other things, dismissal of that party's action).

8          A court must weigh five factors in determining whether to dismiss a case for

9  failure to prosecute, failure to comply with a court order, or failure to comply with a district

10 court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

11          (1) the public's interest in expeditious resolution of litigation;
           (2) the court's need to manage its docket; (3) the risk of prejudice
12         to the defendants; (4) the public policy favoring disposition of
           cases on their merits; and (5) the availability of less drastic
13         alternatives.

14 Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

15 Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

16 conditions precedent before the judge can do anything, but a way for a district judge to think

17 about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

18 (9th Cir. 2006).

19          Although involuntary dismissal can be a harsh remedy, the five relevant factors

20 weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

21 action.  Plaintiff's failure to file an opposition or statement of non-opposition to the Moving

22 Defendants' motion to dismiss in the first instance, and his failure to do so a second time, despite

23 clear warnings of the consequences for such failures, strongly suggests that plaintiff has

24 abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal.

25 Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of

26 litigation always favors dismissal.").  Moreover, although plaintiff had notice of the continued

4

hearing date and his potentially final opportunity to file a response to the Moving Defendants'

motion on or before February 3, 2011, plaintiff took no action. Any further time spent by the

court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will

consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at

1261 (recognizing that district courts have inherent power to manage their dockets without being

subject to noncompliant litigants).

        In addition, the third factor, which considers prejudice to a defendant as a result of

plaintiff's failure to timely oppose its motion to dismiss, should be given some weight. See

Ferdik, 963 F.2d at 1262. A motion to dismiss is an aid to simplifying the issues and dismissing

improper claims or parties before discovery ensues. Plaintiff's failure to oppose the Moving

Defendants' motion after being given two opportunities to do so, and his failure to communicate

with the court or explain his non-participation in this litigation, raises the real possibility that all

defendants in this action may be forced to unnecessarily engage in further litigation against

claims that plaintiff does not appear to value enough to pursue in a serious manner. Indeed, the

Moving Defendants have been diligently pursuing their motion to dismiss, and plaintiff stalled

this matter and prevented the efficient resolution of his lawsuit. Moreover, unreasonable delay is

presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,

460 F.3d at 1227.

        The fifth factor, which considers the availability of less drastic measures, also

supports dismissal of this action. As noted above, the court has actually pursued remedies that

are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d

128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

actually tries alternatives before employing the ultimate sanction of dismissal."). The court

excused plaintiff's initial failure to oppose the Moving Defendants' motion, granted plaintiff

substantial additional time to file an opposition or statement of non-opposition, and continued the

hearing on the motion to dismiss. Moreover, the court advised plaintiff of the requirement of

5

opposing a motion to dismiss and informed him of the requirements of the Local Rules. Furthermore, the court advised plaintiff that he was required to comply with the court's Local Rules and the Federal Rules of Civil Procedure even though he is proceeding without counsel.  It also warned plaintiff in clear terms that failure to comply with the court's orders would result in a recommendation of dismissal.  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33). At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.  This finding is supported by the fact that plaintiff's complaint, which alleges that plaintiff has encountered financial difficulties leading to the foreclosure of his home (see generally Compl.), suggests that plaintiff would very likely be unable to pay any monetary sanction imposed in lieu of dismissal.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation for dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

In light of the foregoing, IT IS HEREBY ORDERED that:

1.    The hearing on the Moving Defendants' motion to dismiss (Dkt. No. 7), presently scheduled for March 3, 2011, is vacated.

It is FURTHER RECOMMENDED that:

1.      Plaintiff's case be dismissed with prejudice as to all defendants pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

2.      The Clerk of Court close this case and vacate all future dates in this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

DATED:  February 11, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN:nkd

7